David M. Barasch, Acting Consumer Advocate, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Philadelphia Electric Company, Petitioner *v.* Pennsylvania Public Utility Commission, Respondent.

Heard February 27, 1984, before Judge DOYLE.

552

*Irwin A. Popowsky*, with him, *David Wersan*, for petitioner/intervenor, Office of Consumer Advocate.

*Walter R. Hall, II*, with him, *David B. MacGregor* and *Jack E. Jerrett, Morgan, Lewis & Bockius*, and *Edward G. Bauer, Jr.*, General Counsel, for petitioner/intervenor, Philadelphia Electric Company.

*Charles F. Hoffman*, Chief Counsel, with him, *Marlane Chestnut*, Assistant Counsel, and *Veronica A. Smith*, for respondent.

*Wayne L. Emery*, with him, *Susan L. Rockwell* and *Kenneth R. Pepperney*, for interveners, United States Steel Corporation.

*Herbert Smolen*, with him, *Michael S. Chuhinka*, for intervenor, City of Philadelphia.

*David M. Kleppinger, McNees, Wallace & Nurick*, with him, *Edward J. Riehl*, for intervenor, Philadelphia Area Industrial Energy Users Group.

OPINION BY JUDGE DOYLE, March 21, 1984:

On November 23, 1983 the Pennsylvania Public Utility Commission (PUC or Commission) entered a final Order in *Pennsylvania Public Utility Commis-*

*sion v. Philadelphia Electric Co.*, Docket No. R-822291, granting the Philadelphia Electric Company (PECO) $143.5 million of a requested rate increase of $228.2 million. On December 7, 1983, the Office of Consumer Advocate (OCA) filed with the Commission a Petition for Reconsideration based upon a recent decision of this Court filed on November 29, 1983, viz., *Walter W. Cohen v. Pennsylvania Public Utility Commission*, No. 197 C.D. 1983. The sole ground for the OCA's Petition for Reconsideration was the specific issue of the proper ratemaking treatment to be given to PECO's consolidated federal income tax expense.

Subsequently, on December 21, 1983, the OCA filed a Petition for Review of the Commission's November 23, 1983 final order on four grounds, which are as follows:[1]

(a) the inclusion in the rate base of $70.8 million in investment in nuclear fuel in process;

(b) the inclusion in rate base of $20.9 million in construction work in progress on transmission facilities;

(c) the recovery of $10 million in expenses for future costs of terminating leases on gas turbines presently in service; and

(d) the inclusion in the rate base of $7.4 million in land held for future use.

PECO then filed a praecipe to strike the OCA's Petition for Review pursuant to Pa. R.A.P. 1701(b) (3) which provides, in pertinent part:

A timely order granting reconsideration under this paragraph shall render inoperative any

---

[1] In paragraph 7(d) of the Petition for Review the OCA specifically stated:

As the issue of consolidated taxes is presently under consideration by the Commission, that issue has been specifically excluded from the present Petition for Review in accordance with the provisions of Pa. R.A.P. 1701(b)(3).

such notice of appeal or petition for allowance of appeal or petition for review of a quasi-judicial order theretofore or thereafter filed or docketed with respect to the prior order, and the clerk of any court in which such an inoperative notice or petition is filed or docketed shall upon praecipe of any party note on the docket that such notice or petition has been stricken under this rule.

PECO advances the argument that the PUC's decision regarding the treatment given the company's consolidated income tax expense, albeit only one element of PECO's total revenue requirements, would necessarily and significantly impact upon the PUC's ultimate determination of just and reasonable rates. Therefore in any adjudication by this Court of the four issues under judicial review, an indispensable element would be missing in our determination of (1) whether said rates produce a total revenue level which is confiscatory when viewed against the financial condition and requirements of PECO, and (2) whether said rates are based upon a revenue requirement which has been determined consistent with applicable legal requirements for the determination of rate base, expense and cost of equity issues.

The OCA argues to the contrary, that the singular issue concerning the treatment of PECO's consolidated tax return is not so inextricably entwined in the ultimate determination of a just and reasonable rate that it would preclude, or even impede, judicial review of the other four issues which form the basis of the Petition for Review. We are inclined to agree.

The decision which must be made at this stage of the administrative and judicial review, since both are presently operative on the bifurcated issues, requires us to determine in a preliminary proceeding, what

effect a determination by the PUC would have on our review. While it may be true that every adjustment to PECO's rate base will necessarily have some effect on the ultimate determination of what are just and reasonable rates, it is likewise obvious that not every issue is of such consequence that it would defy severance and so prohibit reasonable and effective judicial review. Any decision or adjustment by our Court could be remanded to the Commission for final computation. We are of the opinion that if the separate issues are clear and distinct, and if the effect of a decision by the PUC regarding the issue which is the subject of the PUC's reconsideration is not so sizable in magnitude or prominence so as to preclude judicial review, the staying effect of Pa. R.A.P. 1701(b)(3) should not be imposed. This Court announced in *Westinghouse Electric Corp. v. Public Utility Commission*, 44 Pa. Commonwealth Ct. 407, 404 A.2d 712, *reargument denied*, Pa. Commonwealth Ct. , 407 A.2d 65 (1979), by a per curiam order:

> In any case, *we do not construe Pa. R.A.P. 1701(b)(3) as rendering inoperative issues on appeal which were not the subject of an application for reconsideration.* Indeed, we understand that Bell's claim for the $9.4 million in revenues not allowed in PUC's original order was not raised in Bell's appeal. *Surely, Rule R.A.P. 1701(b)(3)(ii) was not intended to render inoperative on appeal of issues which were not the subject of a request for reconsideration;* and we certainly did not intend to so hold. (Emphasis added.)

*See Walter W. Cohen v. Pennsylvania Public Utility Commission,* (No. 362 C.D. 1982, filed March 9, 1982).

Accordingly, the praecipe to strike the petition for review filed by PECO is hereby denied.

ORDER

Now, March 21, 1984, the praecipe to strike the petition for review filed by PECO is hereby denied.